# UNITED STATES BANKRUPTCY COURT     Central District Of California

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a Chapter 13 bankruptcy case on October 28, 2009.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at **U. S. Bankruptcy Court, 3420 Twelfth Street, Riverside, CA 92501–3819**

NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

## See Reverse Side For Important Explanations

Debtor(s) (name(s) and address):
Conrado Delgadillo
1674 N Virginia Dr
Colton, CA 92324

**Case Number:**
**6:09–bk–35817–TD**

| All other names used by the Debtor(s) in the last 8 years (include married, maiden, and trade names):<br>Debtor:<br>Joint Debtor: | Last four digits of Social Security or Individual Taxpayer–ID (ITIN) No(s)./Complete EIN:<br>Dbt SSN: xxx–xx–8931 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>Conrado Delgadillo<br>1674 N Virginia Dr<br>Colton, CA 92324<br>Telephone number: | Bankruptcy Trustee (name and address):<br>Rod (TD) Danielson<br>4361 Latham Street, Suite 270<br>Riverside, CA 92501<br>Telephone number: (951) 826–8000 |

## Meeting of Creditors:

Date: **December 3, 2009**     Time: **08:00 AM**
Location: **3420 Twelfth St., Room 100, Riverside, CA 92501**

## Deadlines:

Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

**Deadline to File a Proof of Claim:**
For all creditors (except a governmental unit): **March 3, 2010**
For a governmental unit: (except as otherwise provided in Fed. R. Bankr. P. 3002 (c)(1)): **April 26, 2010**

**Deadline to File a Complaint to Determine Dischargeability of Certain Debts: February 1, 2010**
**Deadline to Object to Exemptions:**
Thirty (30) days after the *conclusion* of the meeting of creditors.

**Creditor with a Foreign Address:**
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

## Hearing on Confirmation of Plan:

Date: **December 3, 2009**     Time: **01:30 PM**
Location: **3420 Twelfth St., Crtrm 303, Riverside, CA 92501**
The plan or a summary of the plan will be sent separately by the debtor.

## Creditors May Not Take Certain Actions:

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your right in this case.

| **Address of the Bankruptcy Clerk's Office:**<br>3420 Twelfth Street,<br>Riverside, CA 92501–3819<br>Telephone number: 951–774–1000 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Jon D. Ceretto |
|---|---|
| Hours Open: 9:00 AM – 4:00 PM | Date: October 28, 2009 |
| **(Form rev. 12/07:341–B9I)** | /SPG |

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. The plan or a summary of the plan will be sent separately by the debtor, and the confirmation hearing will be on the date indicated on the front of this notice. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business if any unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult an attorney to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code §362 and §1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to exceed or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), or (4), you must start a lawsuit by filing a complaint in the bankruptcy clerk's office by the "Deadline to File a Complaint to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive the complaint and any required filing fee by that Deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to Chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Proof of Debtor Identification (ID) and Proof of Social Security Number (SSN) | The U.S. Trustee requires that individual debtors must provide to the trustee at the meeting of creditors an original picture ID and proof of SSN. Failure to do so may result in the U.S. Trustee bringing a motion to dismiss the case. Permissible forms of ID include a valid state driver's license, government or state−issued picture ID, student ID, military ID, U.S. Passport or legal resident alien card. Proof of SSN includes Social Security Card, current W−2 form, pay stub, IRS Form 1099, Social Security Administration Report, or other official document which indicates name and SSN. |
| Failure to Appear at the Section 341(a) Meeting and Hearing of Confirmation of Chapter 13 Plan | Appearance by debtor(s) and the attorney for the debtor(s) is required at both the Section 341(a) meeting and the confirmation hearing. Unexcused failure by the debtor(s) to appear at either the Section 341(a) meeting and/or the confirmation hearing may result in dismissal of the case. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the **U. S. Bankruptcy Court, 3420 Twelfth Street, Riverside, CA 92501−3819** You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office at the address listed above. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |
| Bankruptcy Fraud and Abuse | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the Fraud Complaint Coordinator, Office of the United States Trustee, 3685 Main Street, Suite 300, Riverside, CA 92501. |

**−− Refer to Other Side for Important Deadlines and Notices −−**

# NOTICE OF STANDING ORDER RE: TIME OF CHAPTER 13 CONFIRMATION HEARING – RIVERSIDE DIVISION CASES

Pursuant to standing order entered by the court, notice is hereby given that the Riverside Division will hold the hearings on confirmation of Chapter 13 plans on the same date as the meetings of creditors required under 11 U.S.C. Section 341(a). Any party in interest who objects to that timing of the confirmation hearing shall file a written objection thereto at least 20 calendar days before the scheduled confirmation hearing. The objecting party shall file the objection with the Court and serve it on the debtor, debtor's counsel, Chapter 13 trustee, and on any creditor who has filed an objection to confirmation, filed a request for special notice, or holds a security interest in the real property of the debtor. If a timely objection is received, the Court will reschedule the confirmation hearing.